John Lowry v. Commissioner.
Lowry v. Commissioner
Docket No. 6560.
United States Tax Court
1946 Tax Ct. Memo LEXIS 88; 5 T.C.M. (CCH) 774; T.C.M. (RIA) 46217; September 6, 1946
*88 Held, petitioner has failed to prove worthlessness of an alleged debt. Clinton T. Taylor, Esq., 31 Mamaroneck Ave., White Plains, N. Y., for the petitioner. Ellyne E. Strickland, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The respondent determined a deficiency of $2,060.04 in the petitioner's income tax liability for the year 1941. The single issue is whether or not the petitioner is entitled to a deduction of the face value of a note executed by the Nyen Holding Corporation as a bad debt. Findings of Fact The petitioner resides in Mount Vernon, New York. He filed his income tax return for the year 1941 with the collector of internal revenue for the third district of New York. In March 1933, the petitioner was a stockholder and a member of the board of directors of the *89 Mount Vernon Trust Company, hereinafter called the Trust Company, a banking corporation doing business at Mount Vernon, New York. The petitioner's wife was also a stockholder therein. The Trust Company, with all other banks in the nation, was closed on March 5, 1933, by a proclamation of a bank holiday issued by the President of the United States. The Trust Company did not open until June 1934, and then on a restricted basis. On December 8, 1933, the board of directors of the Trust Company adopted a plan for reorganization, approved by the stockholders on December 22, 1933, providing that the capital stock of the company should be increased from 75,000 shares to 150,000 shares and that its par value should be changed from $20 to $10 a share; that the stockholders were to surrender their stock and to pay an assessment of $3.00 per share as a contribution to the assets of the reorganized corporation; and that such contributing stockholders should receive one share of stock for each 10 shares of the old stock, the bank stock to be held in escrow for the benefit of certain depositor certificate-holders who were to share in a "Community Recovery Fund". All unneeded portions of the escrow *90 stock were to revert to the stockholders. Other details of the plans are not of importance to the issue. The plan of reorganization of the Trust Company was approved by the Supreme Court of the State of New York, pursuant to Chapter 772 of the Laws of 1933, amending Section 61 of the Banking Law. The terms of the plan were complied with by the depositors and stockholders of the Trust Company. The order of the court directed the Superintendent of Banks to effect the reopening of the Trust Company on an unrestricted basis, pursuant to the plan; authorized him to levy an assessment of $3.00 per share against stock whose owners had not contributed that sum; and gave the Trust Company the right to take appropriate action to enforce collection of such assessments. The Superintendent of Banks and the directors of the Trust Company proceeded to act in accordance with the order of the court. On January 18, 1934, the Nyen Holding Corporation, hereinafter called Nyen, was incorporated under the laws of New York. Certain stockholders of the Trust Company had failed to pay the $3.00 assessment, in the aggregate amount of $69,840. The 17 stockholders of Nyen were also directors of the Trust *91 Company. On October 27, 1934, the said 17 stockholders and directors, including the petitioner, entered into an agreement with the Superintendent of Banks and the Trust Company providing that they would pay the $3.00 assessment against stock not paid by the stockholders owing such assessments (not exceeding $69,840 in the aggregate), to the extent of $4,500 each, or the proportionate part thereof represented by such portions of the assessment unpaid voluntarily or through the processes of law. The petitioner thereupon executed his check to the Trust Company for $4,500. Certain modifications in the agreement were made to account for a total contribution of $16,000 made by Mark D. Stiles. Nyen executed its note as follows: $4,500.00
December 2, 1933.
On demand after date we promise to pay to the order of JOHN LOWRY the sum of Forty-five Hundred Dollars with interest at 5% from December 2, 1933, payable at the Mount Vernon Trust Company, Mount Vernon, New York. Value received. The above note is given pursuant to an agreement dated October 27, 1933, photostatic copy of which is attached hereto, and is subject to its terms and also to the terms of the resolution adopted *92 by the stockholders and Board of Directors of the Nyen Holding Corporation contained in its minute book. Nyen was authorized to collect the assessments from delinquent stockholders through the Trust Company or by assignment from it by right of action against them. The petitioner bought no stock in the reorganized Trust Company and received none of its stock. He had no official connection or employment with the reorganized Trust Company. The note executed by Nyen, payable to the petitioner, has never been repudiated or questioned by the maker. The petitioner has made demands for its payment and has received no part thereof from Nyen. Nyen instituted an action in the Supreme Court of the State of New York, County of Westchester, against Kahle and others, stockholders of the Trust Company who refused to pay the $3.00 assessment, for the collection of that amount per share of the stock owned by them. The court directed a verdict in favor of each defendant in the consolidated action, dismissing the complaint on the merits (reported August 2, 1941; see ). A notice of appeal was filed by counsel for Nyen on August 27, 1941. The appeal is still pending *93 in the Appellate Division of the Supreme Court for the Second Judicial Department. In his income tax report to the New York State Tax Department the petitioner included therein the sum of $4,450 as a deduction representing the unpaid portion of the Nyen note, and the deduction was allowed. The 7,500 shares of stock to be received by the 17 contributing stockholders, including the petitioner, were sold on July 26, 1939, for $9,103.20. That sum was deposited in escrow for the benefit primarily of depositors. In his notice of deficiency the Commissioner disallowed the amount of $4,450 claimed by the petitioner as a deduction for a bad debt on account of advance made to Nyen. Opinion VAN FOSSAN, Judge: The respondent argues (1) that the petitioner failed to establish the relationship of creditor and debtor between himself and Nyen, and (2) that the alleged debt did not become worthless in the taxable year. We need not discuss the somewhat complicated facts to determine whether or not the note of Nyen constituted a debt due to the petitioner. Even if it were a debt, on the record made we are unable to hold that the petitioner has sustained his burden of proving that the debt *94 became worthless in the taxable year. The record shows that Nyen failed to pay the note but it does not establish that it was unable to pay it. Moreover, it is to be observed that the litigation to determine the liability of the recalcitrant stockholders is still pending. The respondent is sustained for failure of proof of error. Decision will be entered for the respondent.